FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 16 2005
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SHAWN NEWTON, a/k/a DARREK WRIGHT,

                Plaintiff,

-against-

MARK PERCAL SELLERS, XIOMARA GLOVER,
JEAN ANDRE LOUIS,[1]

                Defendants.
----------------------------------------------------------------x

MEMORANDUM
AND ORDER

Civil Action No.
CV-05-1570 (DGT)

TRAGER, J.

      Plaintiff, Sewn Newton, brings this pro se action under the alias, Shawn Newton, a/k/a Darrek Wright, against individuals involved in an automobile accident in which plaintiff was injured. In an order dated April 6, 2005, this Court granted plaintiff's application to proceed in forma pauperis and directed plaintiff to submit an amended complaint that complied with the dictates of Rule 8 of the Federal Rules of Civil Procedure. This Court also discussed the elements of an action under 42 U.S.C. § 1983, but expressed doubts as to whether plaintiff – whose complaint did not allege that defendants were state actors or that they had violated his Constitutional rights – intended to bring a § 1983 action.

      Plaintiff has now filed his amended complaint, which largely complies with Rule 8. It indicates that this action is brought pursuant §1983, and legibly names three defendants – Mark Percal Sellers, Xiomara Glover and Jean Andre Louis – all of whom are alleged to have been involved in the automobile accident. In addition, the amended complaint alleges that "this is an

---

[1] Because plaintiff's original complaint did not include a caption and was partially illegible, this Court could only guess at the names of the parties when it captioned this case, "Shawn Newton, a/k/a Darrek Wright, a/k/a Sewn Newton v. Yiomara Clover, et al." Plaintiff's amended complaint, however, includes a legible caption, which is adopted herein. The Clerk of Court is directed to amend the Court's records to reflect to correct names of the parties.

action ... to recover damages for personal injuries arising out of [the] ... accident,"Amended Complaint at ¶ IV, although it does not specify the amount of damages plaintiff seeks.

The amended complaint, however, fails to state a claim under § 1983. In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Id.

Plaintiff's amended complaint does not allege either element. The amended complaint states that "[e]ach of the defendant[s] ... is acting under color." Amended Complaint, ¶ IV. While this statement could be liberally construed as alleging that defendants were acting under color of state law, the facts alleged in the amended complaint do not suggest a basis for claiming that any of the defendants are state actors. Similarly, the amended complaint does not allege facts suggesting that any of the defendants deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. The amended complaint conclusorily alleges that plaintiff's "Constitutional right is being violated," id., but does not specify the right at issue or indicate how such right has been violated.

Regardless of whether defendants are in fact state actors, this Court must dismiss the amended complaint if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). However, because plaintiff is proceeding pro se, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If "a liberal reading of the complaint gives any indication that a valid claim

might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

In this case, there is nothing to suggest that plaintiff will be able to state a claim under 42 U.S.C. § 1983. To the contrary, the amended complaint states that plaintiff has no knowledge regarding the defendants' employment, Amended Complaint at ¶ III(B), thereby indicating that plaintiff lacks a factual basis for claiming that defendants are state actors. Moreover, the amended complaint expressly states that "this is an action ... to recover damages for personal injuries arising out of a motor vehicle accident," id. at ¶ IV, implying that this is an action to recover for defendants' negligence. "[N]egligence is not a valid basis for liability under 42 U.S.C. § 1983." Iwachiw v. New York State Dept. of Motor Vehicles, 299 F.Supp.2d 117, 121 (E.D.N.Y. 2004) (citing Daniels v. Williams, 474 U.S. 327, 328 (1986)).

Conclusion

Since plaintiff's amended complaint fails to state a cause of action under 42 U.S.C. § 1983, and since there is nothing to suggest that plaintiff would be able to state a valid claim if granted leave to further amend his pleading, the instant action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-445 (1962).

Dated: Brooklyn, New York
May 9, 2005

SO ORDERED:

David G. Trager
United States District Judge